**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALLEN KEITH HENSON                                                     PETITIONER
ADC #153482

v.                                   Case No. 5:16-cv-00158 JM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the United

States District Judge was not offered at the hearing before the Magistrate Judge.

3.       An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Allen Keith Henson.  (Doc. No. 1) After reviewing the parties' briefing and the available evidence, the undersigned recommends that the petition should be denied.[1]

## Background

A Saline County (Arkansas) jury convicted Allen Keith Henson for the rape of his daughter.  He was sentenced as an habitual offender to 480 months in the Arkansas Department of Correction (ADC).  On appeal, Henson argued that the trial court mistakenly allowed the jury to hear about his prior convictions without first evaluating the probative value versus the prejudicial impact as required by Rule 609 of the Arkansas Rules of Evidence.  The Arkansas

---

[1]On August 21, 2017, mail sent by the Clerk to Petitioner was returned undelivered and marked "paroled."  Provided Petitioner has in fact been paroled, case law indicates that the Court must still address his habeas petition .  While his release on parole from the Arkansas Department of Correction removed him from physical custody, his parole imposes conditions that confine and restrain his present liberty.  Therefore, that is sufficient to keep petitioner "in custody" within the meaning of the habeas corpus statute. *See Jones v. Cunningham*, 371 U.S. 236, 243 (1963).

Court of Appeals affirmed the conviction. *Henson v. State*, 2014 Ark. App. 49.

Henson subsequently filed a timely Rule 37 petition and amended petition[2], claiming that he was denied effective assistance of counsel. The trial court denied the relief sought, and Henson appealed the decision. On July 23, 2015, the Arkansas Supreme Court affirmed the denial of Rule 37 relief. *Henson v. State*, 2015 Ark. 302.

## Discussion

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because (1) the circuit court erred by failing to appoint counsel in the Rule 37 proceeding; (2) trial counsel was ineffective for giving faulty advice as to whether he should accept a plea bargain offered by the State; (3) trial counsel was ineffective for failing to call Dr. Caroline Carlton as a witness to prove the victim's testimony was false; and (4) trial counsel was ineffective for failing to secure witnesses that would contradict the victim's testimony. (Doc. No. 1 )

Respondent admits Petitioner is in her custody and that there are no non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to habeas relief. Instead, Respondent asserts that the claims are either not cognizable, procedurally defaulted, or lack merit. (Doc. No. 15)

In his Reply, Henson reiterated the arguments made in his petition and further asks this Court to adjudicate de novo any claims that were determined on procedural grounds and not adjudicated on the merits. (Doc. No. 22)

---

[2]The trial court noted in its order that it did not grant leave to amend the Rule 37 petition, but it nevertheless ruled on the issues contained in the amended petition.

### 1. *Claim One: Right to Rule 37 counsel*

Henson's first claim alleges defects in his state post-conviction proceedings or the state post-conviction process as it exists in Arkansas. However, a federal habeas court is not the appropriate forum for a prisoner who wishes to challenge, as an independent claim, the process afforded him in state post-conviction proceedings. Under 28 U.S.C. section 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." An attack on the constitutionality of procedures employed in collateral, state post-conviction proceedings does not test the legality of a conviction or sentence. Henson is not imprisoned because his constitutional rights may have been violated in his state post-conviction proceedings, but rather because he was duly convicted and sentenced at a criminal trial. Therefore, it is well-established that "infirmities in the state's post-conviction remedy procedure cannot serve as a basis for setting aside a valid original conviction....Errors or defects in the state post-conviction proceeding do not, ipso facto, render a prisoner's detention unlawful or raise constitutional questions cognizable in habeas corpus proceedings." *Williams v. State*, 640 F.2d 140, 143-44 (8th Cir. 1981); *see also Gee v. Groose*, 110 F.3d 1346, 1351-1352 (8th Cir. 1997). Accordingly, claim one should be dismissed as failing to constitute cognizable federal claims.

### 2. *Claim 4: Securing Witnesses to Refute Victim's Testimony*

In his fourth claim, Petitioner takes issue with his trial counsel's failure to call witnesses that would refute various contentions in the victim's testimony. He claims witnesses could have

refuted the victim's testimony regarding (a) her room at his home as being nasty with dog feces

and cat urine on the bed and floor, (b) there being no curtains on the windows, (c) there being

no sheets or blankets on the bed, (d) allegations that her aunt's home was infected with roaches,

fleas, and snakes, and (e) allegations that Petitioner and his wife talked about dirty movies in the

victim and her friend's presence.

Despite Petitioner's plea to the contrary, the Court finds this claim to be procedurally

defaulted because it was not fairly presented to the state appellate court. Before seeking federal

habeas review, a state prisoner must fairly present the substance of each claim to each

appropriate state court, thereby alerting those courts to the federal nature of his claims and

giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*,

541 U.S. 27, 29 (2004); see also 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot

present his federal claims in state court due to untimeliness or some other state procedural

hurdle meets the technical requirements for exhaustion because there are no longer any state

remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing

*Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default

may constitute an 'independent and adequate state ground' barring federal habeas relief absent

a showing of either cause and prejudice or actual innocence." *Id.* (internal citations omitted).

"[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has

*properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state

courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (emphasis in original). To meet this fair

presentation requirement, "state prisoners must give the state courts one full opportunity to

resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (citing *O'Sullivan*, 526 U.S. at 848).

Because Henson failed to present this claim for one complete round of review by the state courts, his claim is procedurally defaulted. Even if it is assumed that he has established cause for the default of this ineffective assistance claim, Henson has failed to establish sufficient prejudice. *See Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Martinez v. Ryan*, 132 S. Ct. 1309 (2012); *Sasser v. Hobbs*, 735 F.3d 833 (8th Cir. 2013). He has also failed to show actual innocence, which means factual innocence not mere legal insufficiency. *See Bousely v. United States*, 523 U.S. 614, 623-624 (1998). A claim of actual innocence requires the petitioner to show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *See Schlup v. Delo*, 513 U.S. 298 (1995). Henson has not alleged any new evidence to support his actual innocence claim but merely asserts that evidence known to him at the time of trial should have been used to attacked the victim's credibility. Therefore, there is no new evidence of actual innocence as required; thus, Henson does not meet the exception for actual innocence to excuse his procedural default. *See Jennings v. United States*, 696 F.3d 759, 766 (8th Cir. 2012)

### 3. Remaining Ineffective Assistance of Counsel Claims

In the interests of finality and federalism, a federal habeas court is constrained by statute to exercise only a "limited and deferential review of underlying state court decisions." *Evenstad v. Carlson,* 470 F.3d 777, 781-82 (8th Cir. 2006). Where a state court has previously adjudicated

a claim on the merits, a federal habeas court may grant habeas relief for the same claim in only three limited situations: where the state court adjudication (1) was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); (2) "involved an unreasonable application" of clearly established federal law, *id.;* or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *Id.* § 2254(d)(2).

A state court decision is "contrary to" federal law under § 2254(d)(1) if it applies a rule that contradicts the controlling Supreme Court authority or if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a Supreme Court case, but nonetheless reaches a different result. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application" of federal law under § 2254(d)(1) if it "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoners case." *Id.* at 413. The habeas court must "ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

In his second claim, Henson alleges, as he did on appeal, that his counsel was ineffective for advising him not to accept a plea offer by the State. In addressing claim two, the Arkansas Supreme Court found as follows:

Henson also alleges that trial counsel was ineffective for advising him not to accept a plea offer because the State did not have sufficient evidence to convict him. The record on appeal reflects that, before trial, the State put the plea offer on the record and noted that the offer had been declined by Henson. After the pertinent information had been recited by the State concerning the offer, including the consequences of being sentenced as a habitual offender, Henson expressed his agreement that the State's account covered the terms of the plea offer. Henson's attorney then informed the court that she had discussed the plea offer with Henson and that he had elected to decline it because he was innocent and because he did not wish to have to register as a sex offender. When counsel inquired of Henson as to whether he agreed with counsel's statement of his view concerning the plea, he answered, "absolutely." Henson was also asked by the State if, after hearing the terms of the offer and the information on the possibility of his serving a lengthy term of imprisonment if found guilty, it was still his desire to go forward with the trial. He answered in the affirmative.

The fact that Henson concluded after he was convicted that it would have been the better course of action to accept the plea offer is not in itself proof that counsel was ineffective. His assertion that counsel misadvised him on whether to accept the plea does not constitute a showing that he is entitled to have the judgment in his case vacated under *Strickland [v. Washington*, 466 U.S. 668 (1984)]. Henson does not contend that counsel informed him that he could not be found guilty of rape as a matter of law, and he was clearly aware that there would be evidence adduced at trial inculpating him in the offense in the form of his daughter's testimony. Even if Henson is of the belief that counsel misjudged the likelihood that the jury would find him guilty, an erroneous strategic prediction about the outcome of a trial is not necessarily deficient performance. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1391 (2012).

*Henson v. State*, 2015 Ark. 302, at pp. 4-5.

In the third claim, Henson contends that his counsel was ineffective for not calling his

wife's doctor to testify.  In addressing claim three, the Arkansas Supreme Court noted:

Henson next contends that the trial court erred by finding that his attorney was effective with respect to his allegation that counsel should have called his wife's doctor to testify. The victim testified at trial that she was made aware that Henson's wife had herpes. Henson argued that the doctor's testimony and his wife's medical records could have established that the victim's testimony was false. He asserts that, inasmuch as the outcome of the trial centered on the credibility of the victim, the doctor's disputing of the victim's testimony and the

presentation of the medical records would have changed the outcome of the trial.

At trial, Henson and Henson's wife both testified that she did not have herpes. In response to questioning by the State, Henson conceded that there were no medical records that could be obtained concerning whether his wife had herpes and that he did not ask his wife's doctor to testify.

The trial court did not err in holding that the allegation was insufficient to satisfy the *Strickland* standard for a finding of ineffective assistance of counsel. This court has held that the objective in reviewing an assertion of ineffective assistance of counsel concerning the failure to call a certain witness is to determine whether this failure resulted in actual prejudice that denied the petitioner a fair trial. *Johnston v. State*, 2015 Ark. 162. In order to demonstrate prejudice, appellant must establish that there is a reasonable probability that, had counsel performed further investigation and presented the expert witness, the outcome of the trial would have been different. *Id.* The burden is on the petitioner to establish the admissibility of the witness's testimony. *Id.* The decision to call or not to call a particular witness is generally a matter of professional judgment and trial strategy that is outside the purview of Rule 37.1. *Feuget*, 2015 Ark. 43, 454 S.W.3d 734. The fact that there was a witness, or witnesses, who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Rasul v. State*, 2015 Ark. 118, 458 S.W.3d 722.

When a petitioner under the Rule alleges ineffective assistance of counsel for failure to call a witness, it is his burden to specify with facts how the defense was prejudiced. Those facts must show that, but for counsel's error in not calling a particular witness, the fact-finder would have had a reasonable doubt respecting guilt and that the verdict reached would have been different absent the error. *See Wertz v. State*, 2014 Ark. 240, at 11, 434 S.W.3d 895, 904. Conclusory allegations that are unsupported by facts do not provide a basis for postconviction relief. *Henington v. State*, 2012 Ark. 181, at 6, 403 S.W.3d 55, 60.

Here, the crux of the charge against Henson was that he had raped his daughter. His claim that the doctor's testimony and his wife's medical records could have been employed to raise doubts about the victim's credibility did not establish that the doctor's testimony or his wife's medical records had any bearing on the evidence to support that charge beyond casting general doubt on the victim's truthfulness. It is clear that Henson sought by means of the Rule 37.1 proceeding to reach the issue of whether the victim's testimony concerning the rape was credible and whether there was ultimately sufficient evidence adduced at trial to support the judgment of conviction. Such questions are not cognizable under Rule 37.1. *Sanford v. State*, 342 Ark. 22, 25 S.W.3d 414 (2000); *see also Anderson v. State*, 2015 Ark. 18, 454 S.W.3d 212 (per curiam). An attack on witness credibility or on the sufficiency of the evidence is a direct attack on the judgment. *See O'Rourke v. State*, 298 Ark. 144, 765 S.W.2d 916 (1989). A direct attack on a

judgment of conviction is a matter to be settled at trial and on the record on direct appeal. *See Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1 (holding that a challenge to the sufficiency of the evidence is not cognizable in a Rule 37.1 proceeding). Rule 37.1 affords the convicted defendant a means to mount only a collateral challenge to a judgment; it does not provide an opportunity to reassess the evidence supporting the judgment. *Hooks v. State*, 2015 Ark. 258 (per curiam).

    Because Henson failed to meet his burden of stating facts that affirmatively supported his claims of prejudice arising from counsel's conduct, he did not establish that he was denied effective assistance of counsel under the *Strickland* standard. *Carter v. State*, 2015 Ark. 166. Accordingly, the trial court did not err in denying his request for relief pursuant to the Rule, and we affirm the order.

*Henson v. State*, 2015 Ark. 302, at pp. 5-6.

The undersigned finds that the Arkansas Supreme Court's decision on both claims is entitled to deference. In evaluating a state court decision under § 2254(d), a federal habeas court must presume any factual findings made by the state court to be correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). After carefully reviewing the transcript of Petitioner's state court trial and all of Petitioner's filings here, the Court has determined that the Arkansas Supreme Court's factual summary of the trial evidence is reasonable in light of the state court record and has not been rebutted by clear and convincing evidence. Therefore, the supreme court's factual findings are presumed correct under § 2254(e)(1), and its decision was not based on an unreasonable determination of the facts under § 2254(d)(2).

The legal standard recited and applied by the Arkansas Supreme Court, was not "contrary to" nor "an unreasonable application of" United States Supreme Court law under § 2254(d)(1). Under *Strickland*, a petitioner first must identify specific acts or omissions made by counsel that "were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Second, a petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997) (petitioner must satisfy both prongs).

Here, the appellate court cited the *Strickland* standard and applied it appropriately. The undersigned is satisfied that the state court understood the standard and issued a decision that was not contrary to established federal law. The undersigned also concludes that the decision did not involve an unreasonable application of *Strickland*. Even if trial counsel's decisions could be deemed deficient, Henson cannot show a reasonable probability that he would have been acquitted given the other evidence against him. Thus, claims two and three lack merit.

### Conclusion

IT IS THEREFORE RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be dismissed, with prejudice, and that the relief prayed for be denied. It is further recommended that all pending motions be denied as moot and that the Court not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 19th day of January, 2018.

_____

UNITED STATES MAGISTRATE JUDGE